IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jane Doe, ) | C/A No.: 3:25-1150-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER AND NOTICE |
| Sola Station Apartments; Sola ) | |
| Station Leasing Office Staff; John ) | |
| Doe; and Jane Doe, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Jane Doe ("Plaintiff"), proceeding pro se, sues Sola Station Apartments. Sola Station Leasing Office Staff, John Doe, and Jane Doe[1] (collectively "Defendants") for alleged violations of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* ("FHA") and state law causes of action. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff alleges she entered into a lease agreement with Sola Station Apartments and continues to reside at the premises in compliance with the

---

[1] Plaintiff names a defendant as "Jane Doe" despite also referring to herself as Jane Doe.

lease terms.[2] [ECF No. 1 at 1]. Plaintiff claims Defendants have wrongfully assessed excessive and improper rental charges causing undue financial hardship. *Id.* Plaintiff states she has disputed the charges, but members of the leasing staff have refused to correct the billing errors. *Id.* at 3. Plaintiff alleges she is targeted because she lives alone and also because she is black. *Id.* She brings causes of action under the FHA and for breach of contract, unjust enrichment, and intentional infliction of emotional distress.

II.     Discussion

   A.     Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim

---

[2] Although Plaintiff alleges she resides at the premises, the mailing address she provided to the court is a PO Box in Norfolk, Virginia. Plaintiff may not direct the court to communicate with her at an address that is not her own.

based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

    1. Plaintiff's Use of a Pseudonym

Plaintiff refers to herself as Jane Doe, but has not filed a motion to proceed under a pseudonym. Plaintiff also fails to provide justification for using a pseudonym and reveals her identity by filing a copy of her license as an attachment to her complaint.

   2. Insufficient Allegations

Plaintiff has failed to state actionable claims, as her complaint is devoid of factual allegations, but instead contains only legal conclusions. For instance, she alleges Defendants breached her lease agreement, but she provides no factual allegations as to how they breached the contract, such as any provision of the lease or any details of the allegedly unauthorized charges. She similarly alleges Defendants have violated the FHA by imposing excessive and baseless rent charges, but she fails to provide any factual allegations as to the charges. Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff has failed to meet the minimum pleading requirements for any of her causes of action.

   3. Improperly Identified defendants

Plaintiff names "Sola Station Leasing office Staff" as a defendant. This is not an individual or entity capable of being sued. Additionally, Plaintiff lists John Doe and Jane Doe as defendants, but she does not identify any actions

specific to John Does and Jane Doe such that they might be capable of identification in the future. Plaintiff cannot sue individuals or entities that she cannot identify. The undersigned is also issuing an order identifying documents needed for service of process in this case and only identifiable defendants are able to be served.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in her complaint by filing an amended complaint by **March 27, 2025**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend the district judge dismiss the complaint without leave for further amendment.

IT IS SO ORDERED.

March 6, 2025
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge